*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 21, 2013

**BY ECF AND HAND DELIVERY**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    **United States v. Malcolm Smith et al.,**
             **No. 13 Cr. 297 (KMK)**

Dear Judge Karas:

      The Government submits this letter in opposition to defendant Daniel J. Halloran's application for an admonishment of the Government for perceived violations of the Local Rules of this Court. Halloran's motion is premised on a misunderstanding of the relevant rules and a misstatement of the record, and baselessly takes issue with entirely appropriate statements by the Government on the widely-acknowledged problem of public corruption in New York generally. It should be denied.

      Halloran argues that the Government violated Local Rule 16.1 by filing a bill of particulars without first "conferring with counsel for the opposing party," which he believes is required under the rule. (Ltr. 6-7). Halloran is wrong. Local Rule 16.1 governs the filing of a "motion addressed to a bill of particulars or any discovery matter." It aims to conserve court resources by requiring that parties attempt to resolve discovery disputes prior to motion practice. Hence, the Local Rule requires a conference between the parties prior to filing a *motion* for a bill of particulars. The Government did not file such a motion and rarely, if ever, does so in a criminal case. In fact, the Government did not file a motion at all. Rather, the Government filed a Forfeiture Bill of Particulars providing notice to the defendants that the Government will seek forfeiture of particular assets in the event of convictions in this case. Because the Government did not file a motion for discovery (or for a bill of particulars, which would not make sense in any event), there was no requirement of a pre-filing conference under Local Rule 16.1.

      Halloran also mistakenly accuses the Government of violating Local Rule 23.1 in its October 7, 2013 memorandum in opposition to the defendants' first round of pretrial motions. In Halloran's view, Local Rule 23.1 bars the Government from referencing ongoing plea negotiations when opposing severance. Local Rule 23.1 imposes no such bar. Instead, that rule applies to communications with the press and the release of non-public information in non-

Hon. Kenneth M. Karas
October 21, 2013
Page 2 of 4

judicial fora.[1] Subsection (d) of Local Rule 23.1 lists subject matter that, if publicly released, would presumptively violate the rule, and subsection (e) similarly lists subject matter that would not. Halloran believes that the list contained in subsection (d) extends equally to "extrajudicial statements and statements made in publicly-available court documents." (Ltr. 5). If that were true, the rule would bar the filing of (i) prior felony informations and indictments that charge a violation of 18 U.S.C. § 922(g), all of which reference a defendant's "prior criminal record," Local Rule 23.1(d)(1); (ii) motions to suppress post-arrest statements, which reveal the "existence or contents of any confession, admission, or statement given by the accused," *id.* at 23.1(d)(2); (iii) *in limine* motions seeking to admit or preclude expert testimony involving the "performance of any examinations or test," *id.* at 23.1(d)(3); (iv) witness lists naming the "identity . . . of prospective witnesses," *id.* at 23.1(d)(4); and (v) motions to exclude time under the Speedy Trial Act because of ongoing plea discussions, *id.* at 23.1(d)(5). Halloran's reading of subsection (d) is contrary to the text and purpose of the rule and incompatible with criminal practice in this District.

Halloran also alleges a Local Rule 23.1 violation arising from public statements made on April 2, 2013. Halloran believes that it was a violation for the Government, during its description of the allegations in this case, to say that he "quarterbacked" one of the bribery schemes charged in the Indictment (Ltr. 4). He is mistaken. That description is a fair characterization of the role he allegedly played in the offense, as charged in the publicly-filed criminal complaint. Such a comment is expressly permitted by Local Rule 23.1(e)(3), as it constitutes a "brief description of the offense charged." Insofar as Halloran objects to the use of the word "quarterbacked," he has not explained how that word is unfairly prejudicial, and for good reason—it is not.

Halloran further contends that the Government referred to him as "dirty" and "corrupt" in its comments (Ltr. 4), but that is inaccurate. During the press conference, the Government initially briefly summarized the allegations in the complaint. (Ltr., Ex. 1 at 1-4). That description was fully in compliance with the Local Rules and, in fact, is contemplated by Local Rule 23.1(e)(1), (3), and (4). Following that description, the Government addressed the problem of corruption more generally. It is an unfortunate reality that during the last several years, a number of prominent public officials in New York have been charged with, and convicted of, public corruption offenses. As part of the April 2 statements, the Government drew a clear line between its discussion of this case and its broader observations about public corruption prosecutions. (Ltr. Ex. 1 at 4 ("Now, the case against these defendants will unfold in federal court, and each is presumed innocent unless and until proven guilty. But let me make a general point – every New Yorker should be disheartened and dismayed by the sad state of affairs in our great state.")). It was in the context of that broader description, and with specific reference to public corruption cases that had been brought previously by the government, that the Government employed the language about which Halloran complains. In fact, the Government made no specific reference to Halloran at the time it used either word, but spoke more broadly of the problem of "corrupt official[s]" and "dirty politicians" and the inability of criminal

---

[1] Indeed, the very title of the rule—"Free Press-Fair Trial Directives"—demonstrates its focus on maintaining a balance between communications with the press and conducting fair trials.

Hon. Kenneth M. Karas
October 21, 2013
Page 3 of 4

prosecutions alone to address the problem of public corruption. (Ltr., Ex. 1 at 4). Taken in proper context, the statements constituted general, forward-looking commentary and a review of well-known, previous public convictions and did not pertain directly to Halloran.

Halloran also objects to the Government's summary of the offense conduct as "an unappetizing smorgasbord of graft and greed" (Ltr. 4), but that summary is rooted in the allegations set forth in the detailed criminal complaint and is no more sensational than the underlying misconduct—involving multiple instances of bribe taking and influence peddling—on which that summary is based. His objection to the Government's reference to a "show-me-the-money culture" (Ltr. 4) is equally misplaced, as that term was used to describe accurately the broader context in which these charges were brought. It is no different than noting at the time an alleged drug trafficker is arrested that use of the drug he sold has become widespread and represents an endemic public health problem. Nothing in Local Rule 23.1 prohibits the Government from summarizing its charges in this fashion or placing them in the context of the larger societal ills the prosecutions are meant to address. Local Rule 23.1 also does not require that the Government use any particular language to summarize complicated charges such as those at issue here. Nor should the rule impose any such limits, as informing the public of charging decisions in a manner readily accessible to the public is an important function and duty of any prosecutor's office.

Notwithstanding Halloran's disapproval, the challenged statements, made more than six months ago, do not interfere with his right to a fair trial, nor do they prejudice the due administration of justice. In fact, they are milder than statements that other courts within the Second Circuit have found to be within the bounds of the applicable standard and that did not warrant redress except to the extent that the parties had already agreed. *See*, *e.g.*, *United States v. Perryman*, No. 12 Cr. 123 (ADS), 2013 WL 4039374, at *13 (E.D.N.Y. Aug. 7, 2013) (finding that police press release that stated that defendant was "the worst of the bunch," that "many of the guys we arrested are never going to get out," and that "over the course of the past three years, we've been told that people were afraid to come forth because of the threat of violence from [the defendant]" did not deny defendant right to fair trial); *United States v. Corbin,* 620 F. Supp. 2d 400, 411 (E.D.N.Y. 2009) (statement by U.S. Attorney that "the defendant violated the law by failing to file truthful federal tax returns . . . [and] then compounded his crime by lying to federal agents to cover his tracks" and statement by FBI Assistant Director in Charge that "The people rightly expect their elected representatives at all levels of government to behave honorably, or at a minimum, lawfully. This defendant put self-interest above public service" did not "so permeate[] the public as to have hindered the ability of the Court, probably some six months or more from now, to impanel a fair and impartial jury"); *but see United States v. Khan*, 538 F. Supp. 2d 929, 932 (E.D.N.Y. 2007) (finding violation of Rule 23.1 where defendant, among other things, "attempted to publicly tarnish the credibility of the witnesses he identified").

Having cited no precedent in support of his position, Halloran reaches for support in recent public comments of the Honorable Richard J. Sullivan (Ltr. 1, 6), but those comments actually undermine Halloran's position. While Halloran believes that the Government's April 2 comments violated Local Rule 23.1, Judge Sullivan did not reach that conclusion, noting that "reasonable people can disagree" about the appropriateness of the challenged remarks. Jacob Gershman, *Federal Judge Chides Bharara for 'Tabloid' Press Operation*, The Wall Street Journal, October 16, 2013, at http://blogs.wsj.com/law/2013/10/16/federal-judge-chides-bharara-for-tabloid-press-operation. And,

Hon. Kenneth M. Karas
October 21, 2013
Page 4 of 4

more importantly, Judge Sullivan did not suggest, much less conclude, that the statements violated Local Rule 23.1. In fact, Judge Sullivan did not discuss the Local Rule at all.

      Halloran's objections to certain of the Government's comments made during the September 17, 2013 Moreland Commission hearing, at which a number of federal and state prosecutors—including the United States Attorneys for the Southern and Eastern Districts of New York and the New York County District Attorney—testified about New York's universally acknowledged corruption problem, have even less traction. First, the Government did not once mention Halloran by name in the challenged remarks. (Ltr., Ex 4). Second, the Government referred to the six-defendant case in which Halloran is charged exactly one time, when it reported that it had filed a Forfeiture Bill of Particulars seeking forfeiture of pension assets in that case, which is entirely consistent with Local Rule 23.1. Third, Halloran points to no provision of the Local Rules that bars the Government from participating in public fora addressing matters of concern to law enforcement. To the contrary, the Government has an obligation to inform the public of its efforts to combat crime.

      Finally, Halloran's argument that the Court should take his allegations of misconduct into account when ruling on the Government's application for a protective order should be rejected. (Ltr. 7-8). As Halloran's complaints are premised on a misunderstanding of the rules and relevant facts, his application is baseless. In addition, his complaints bear no relation to the concern that prompted the Government to seek the Court's assistance in obtaining a broad protective order in the first place: the unjustifiable use of the Government's discovery production to publicly attack a third party. Accordingly, Halloran's application should be denied.

      Respectfully submitted,

      PREET BHARARA
      United States Attorney

By: _____
      Douglas B. Bloom / Justin Anderson
      Assistant United States Attorneys
      (914) 993-1934 / (212) 637-1035

cc:    All counsel of record by email and ECF