USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- x
                                            :

UNITED STATES OF AMERICA,     :

            v.                               :     PROTECTIVE ORDER
                                          :     13 Cr. 297 (KMK)

MALCOLM A. SMITH,               :
DANIEL J. HALLORAN,            :
VINCENT TABONE,                 :
JOSEPH J. SAVINO,                :
NORAMIE JASMIN, and           :
JOSEPH DESMARET,               :
              Defendants.           :
                                            :
-------------------------------- x

        On the motion of the United States of America, by Preet Bharara, United States Attorney, through his counsel, Douglas B. Bloom and Justin Anderson, Assistant United States Attorneys ("the Government"), pursuant to Federal Rule of Criminal Procedure 16(d), and for good cause shown,

        IT IS HEREBY ORDERED THAT:

        1. All materials, including documents, electronic data, and audio/visual materials, provided by the Government to the defense in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Title 18 United States Code Section 3500; Brady v. Maryland; or United States v. Giglio, are considered "Confidential Information."

        2.     Confidential Information disclosed to the defendants or to their counsel in this case during the course of proceedings in this action:

        (a)     Shall be used by the defendants and their counsel only for purposes of defending this criminal action;

(b) Shall not be disclosed in any form by the defendants or their counsel except as set forth in paragraph 2(c) below; and

(c) May be disclosed by the defendants or their counsel in this action only to the following persons (hereinafter "Designated Persons"):

- (i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorney;

- (ii) independent expert witnesses, investigators or expert advisors retained — pursuant to a written retainer agreement — in connection with this action; and

- (iii) such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon the defendant's motion.

3. Confidential Information disclosed to the defendants or to their counsel during the course of proceedings in this action, including any and all copies made of said material, shall, at the conclusion of this matter, either be returned to the Government or shredded and destroyed. This matter will be concluded upon expiration of the period for direct appeal from any verdict in the above-captioned case, the period of direct appeal from any order dismissing any of the charges in the above-captioned case, or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is latest.

4. The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom they disclose confidential information pursuant to paragraphs 2(c)(i), (ii) and (iii). Designated Persons shall be subject to the terms of this Order and shall sign an acknowledgment, to be retained by the defendant's counsel, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with, shown, or read the contents of any materials produced pursuant to terms of this Order.

5. The defendants and their counsel will not attach any materials produced pursuant to this Order to any public filings with the Court or publicly disclose any such materials, or their contents in any other manner, without prior notice to the Government. If the defense and the Government cannot agree on the manner in which the documents or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

6. If any dispute should arise between the parties to this action as to whether any documents, materials or other information is Confidential Information subject to the provisions of this Order, such documents, materials and information shall be considered Confidential Information pending further Order of this Court.

7. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing or trial held in this action or to any district or magistrate judge of this Court for purposes of this action. Nor shall the provisions of this Order be construed as preventing disclosure of any information in the public domain or information obtained independently from the sources described in Paragraph 1, above.

Dated: White Plains, New York
December , 2013

HON. KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE